*Judgment reversed.*

*Rhodes & Love,* and *Robinson & Courtney,* for plaintiff in error.

*Jas. W. Norville,* for defendant in error.

––––––  ►●◄  ––––––

## CAMERON *v.* WALL *et al.*

(*Supreme Court of Colorado, December 5, 1882—Appeal from the Lake County Court*).

1. COMMON CARRIER.—COMPENSATORY OR VINDICTIVE DAMAGES. A common carrier is liable to vindictive damages, only in case of gross negligence. And in a case showing only ordinary negligence, it is error for the Court to instruct the jury that vindictive damages may be allowed.

ELBERT, C. J. This was an action brought by the appellee against the appellants, proprietors of a stage line, to recover damages for alleged injuries sustained by reason of the negligence of the appellants, whereby the coach of the appellants, in which the appellee was a passenger, was overturned and the arm of the appellee permanently injured.

The accident occurred in descending a mountain road, and the evidence shows it to have been the result of imperfect and insufficient brakes.

The jury returned a verdict of $1,200.

Out of regard for human life, the law exacts from the common carrier of passengers for hire, a high degree of care and skill.

He is held to the duty of extreme care in the selection of his vehicle and the examination of all its parts. He must do all that any one in his position could reasonably do to guard against defects which would render the vehicle unsafe, and to provide such facilities as are required for safe and prudent traveling. S. and R. on Neg., Sec. 266, *et seq.*

In *Ingalls* v. *Bills,* 9 Met., 1, the rule is stated by Hubbard, J., as follows:

"Carriers of passengers for hire are bound to use the utmost care and diligence in the providing of safe, sufficient and suit-

able coaches, harnesses, horses and coachmen, in order to prevent those injuries which human care and foresight can guard against, and if an accident happens from a defect in the coach which might have been discovered and remedied upon the most careful and thorough examination of the coach, such accident must be ascribed to negligence, for which the owner is liable in case of injury to a passenger, happening by reason of such accident."

The instructions of the Court in this respect gave the law to the jury with reasonable fairness and clearness. Respecting the measure of damages, the Court, upon its own motion, gave the following instruction:

"If you find for the plaintiff, you will also fix the sum to which, from the evidence, you think him entitled. In actions of this kind, the law does not fix any precise rule of damages, but leaves their assessment to the unbiased judgment of the jury. The liability of defendants for tortious negligence is broader than in an action on contract; he must answer, not only for all damages which a prudent man would expect to result from his fault, but also all that a prudent man would anticipate as a possible consequence thereof. And this is the narrowest limit that can be fixed to his liability. In estimating such damage, you should take into consideration the bodily suffering of plaintiff and his business, and whether his injuries are likely to be permanent."

The body of this instruction is in the language of the books, but I do not understand it to be applicable to this case.

Had the case been one calling for exemplary damages, the instructions would have been substantially correct, but as it was a case for compensatory damages only, it did not correctly state the law. Exemplary damages can never be recovered upon anything less than gross negligence, and by gross negligence is meant "such entire want of care, as to raise a presumption that the person in fault is conscious of the probable consequences of carelessness, and is indifferent, or worse, to the danger of injury to person or property of others." Sher. and Red. on Negligence, Sec. 600.

To justify these damages, it is held that the act must be wilfull, or the negligence must amount to a reckless disregard of the safety of person or property. Sed. Dam., 570 and notes.

We fail to find in the evidence sufficient to justify any claim of gross negligence, as the term is construed by the Courts. On

the other hand, there was some degree of care for the safety of the passengers. The evidence does not disclose the condition of the brakes at the commencement of the journey. At Mosquito Station, where the appellee took passage, the driver called the attention of the agent to the brakes, and efforts were made to repair them, by nailing a block on each side. In crossing the range, one of the blocks came of, and the wheel wore through the other. The driver had an extra block with him, and stopped and renewed his efforts to repair the brakes. It is true there were no lights on the coach, but no claim is made that the accident happened by reason of the absence of lights.

The evidence shows careful driving, and that the team was moving at a walk at the time of the upset, making it, in our view, clearly a case of ordinary negligence as distinguished from gross negligence. In such a case "compensation is awarded according to certain fixed rules of law, which the jury are not at liberty to disregard, and which equally control the conduct of the Court." Sedgwick Dam., 25, 26, 27.

The plaintiff was entitled to recover the expense of his cure, the value of the time lost by him during his cure, and a fair compensation for the physical and mental suffering caused by the injury, as well as for any permanent reduction of his power to earn money. Sher. and Red. Neg., Sec. 606.

Some of the instructions of the Court gave to the jury this rule for the measure of the plaintiff's damages, but the entire charge was supplemented by the instruction which we have quoted, and the jury were left at liberty to find exemplary damages at discretion.

Mr. Sedgwick says:

"While, where circumstances of aggravation are proved, the jury are the necessary as well as the rightful judges of the amount of relief; on the other hand, where no such facts are presented, too much care cannot be taken to apply settled rules to the subject of compensation. It can make no difference whether the action be one nominally *ex contractu* or *ex delicto*, whether for a breach of a contract or the violation of a right; in either case, if no evil motive be imputed, the amount of compensation is as much a matter of law as the right itself, and can, with no greater safety be submitted to the vague and fluctuating discretion of a jury." Sed. Dam., 581.

The appellants, held to respond in damages, had a right to demand that they be assessed by the fixed rules of law.

The case presented being one for compensation merely, it was error to instruct the jury as in a case calling for vindictive damages. *Amer* v. *Longstreet,* 10 Pa., 145; *Rose* v. *Story,* 1 Barr., 190.

The judgment of the Court below is reversed, and the cause remanded.