SARAH E. CHIPMAN, BY JOHN I. CHIPMAN, HER GUARDIAN AD LITEM, RESPONDENT, v. UNION PACIFIC RAILROAD COMPANY AND ANOTHER, APPELLANTS.

1. EXPERT TESTIMONY.—EVIDENCE.—SPEED OF TRAIN.—One need not be an expert to testify to the speed of a train of cars. Any one competent as a witness may testify to the speed of a train at the time of an accident.

2. INJURY TO INFANT.—LETTER OF GUARDIAN AD LITEM.—ADMISSIBILITY OF TESTIMONY.—HARMLESS ERROR.—In an action by an infant, by her guardian ad litem against a railroad company

for damages for personal injuries, a letter written by such guardian is not admissible, since the guardian is not a party to the action in any sense except as guardian *ad litem*, and cannot in any manner affect the rights of the plaintiff by anything he may have done or written, and such evidence, if admissible, could only affect his credibility, and to exclude it was harmless error.

3. VERDICT.—DAMAGES NOT EXCESSIVE.—A verdict for $10,500 in favor of a girl three years old for loss of a foot is not excessive, especially where the record shows that the railroad company was grossly negligent.

(No. 594.   Decided Aug. 31, 1895.   41 P. R. 562.)

APPEAL from the District Court of the First Judicial District.   Hon. H. W. Smith, *Judge.*

Action by Sarah E. Chipman, an infant, by John I. Chipman, her guardian *ad litem*, against the Union Pacific Railway Company and the Utah Northern & Oregon Short-Line Railway Company.   From a judgment for plaintiff, defendants appeal.   *Affirmed.*

*Messrs. Williams, Van Cott & Sutherland,* for appellants.

*Messrs. King & Houtz,* for respondent.

MERRITT, C. J.:

This action was brought to recover damages for injuries sustained by plaintiff by reason of being run over by the train of the defendant companies, and having her foot severed at the ankle.   The testimony showed that the plaintiff, at the time of the injury complained of, was about three years old; that on the day of the accident she went on the highway.   In playing about the track, or attempting to cross it, the plaintiff's foot caught between the rail and a plank forming a part of the road crossing. The train was a passenger train running on regular

schedule time.    The engineer and fireman, when within half a mile of the place of the accident, could plainly see objects on the track.    The train was slowed up, and run under control for a short distance, and then started at increased speed, and ran over the plaintiff, severing her foot at the ankle.    The evidence shows that the appellants were grossly negligent.    They scarcely make an attempt to excuse their conduct.    The jury rendered a verdict for $10,500 in favor of plaintiff, and judgment was duly recorded for that sum.    Defendants moved for a new trial, which was overruled, and defendants appeal.

There are three questions relied on by appellants as grounds for reversal of the lower court:    *First*, that the court erred in allowing the witness Kelly to testify as to the speed of the train at the place of the injury to the respondent; *second*, in refusing to admit in evidence a letter written by the witness John I. Chipman to appellants; *third*, that the amount of the damages awarded by the jury is excessive.

As to the first point, appellants admit that one need not be an expert to testify to the speed of a train of cars. Then any person may testify to such fact.    No qualification is necessary.    The experience of every person who is competent as a witness is deemed sufficient to admit in evidence such person's opinion on such a matter.    Of course, the weight to be given to such an opinion depends on the opportunity the witness has had to form a correct estimate; hence, Kelly's testimony was competent.    But admitting, for the sake of argument, that it was error, it did not prejudice defendants, for the reason that there was no question made as to Mrs. Kelly's testimony on the speed of the train, and she places it higher than Mr. Kelly, and there is nothing in the evidence to contradict her.    Appellants cannot have been harmed by Mr. Kelly's testimony.

As to the second point, it is contended that the court erred in refusing to allow appellants to produce in evidence a letter written by John I. Chipman to appellants. John I. Chipman is not a party to this action, in any sense, except as guardian *ad litem*. He could not in any manner affect the rights of the plaintiff. What he may have said or done or written could be of no concern in this case, except to affect the credit to be given to his evidence.

Coming now to the third assignment of appellants, that the verdict is excessive, one might cite cases where verdicts largely in excess of $10,500 have been sustained by the courts for injuries less than in this case. An examination of the record is all that is necessary to show that appellants were grossly negligent. There is scarcely an attempt to excuse their conduct. They attempt to reason out the earning capacity of the plaintiff, in her crippled condition, after her majority, and thus demonstrate that the verdict is excessive. The amount of injury sustained by an infant cannot be reckoned or calculated by any rule of arithmetic, any more than her body can be made whole by dollars and cents. If the plaintiff was a male, the verdict would not be excessive, and the loss of a limb to a female is infinitely greater. We find no error in the record, and the judgment is affirmed.

BARTCH, J., concurs.