[No. 6249.]

## ADAMS v. THE COLORADO & SOUTHERN RAILWAY COMPANY.

1. **Common Carrier — Contract Exonerating from Liability for Negligence Void,** whether the negligence be gross or slight. —(478)

Provisions in a special contract for the carriage of live stock, declaring that the shipper had himself selected the cars and assumes all risk of injury to the stock by reason of defects in the cars or insufficiency therein, and that the carrier shall not be responsible for injuries to the animals, not the direct result of his willful misconduct or actual negligence, do not relieve the carrier of his common-law duty to furnish suitable vehicles, nor excuse unreasonable delays in the carriage. Such stipulations are void as against public policy.—(479)

But the carrier may, upon consideration, stipulate that any action for loss or damage to the freight shall be brought within a reasonable time. Ninety days is a reasonable limitation.—(480)

But the carrier waives this condition by taking time for the investigation of the claim, and assurances verbally given before the expiration of the limitation that if the claim is rejected, the limitation will not be insisted upon.—(480)

2. **Negligence—Degrees of,** are not recognized.—(478)

3. **Pleading—Departure—**Complaint of shipper against carrier for unreasonable delay in transportation, and providing unsuitable vehicles. Answer setting up a special contract.

A reply which admits the contract, and shows its invalidity, is not a departure.—(480)

4. **Appeals—Questions Not Presented Below** will not be considered.—(481)

*Error to Denver District Court*—Hon. GEORGE W. ALLEN, Judge.

Mr. C. M. DEARDORFF and Messrs. GOUDY & TWITCHELL for plaintiff in error.

Mr. E. E. WHITTED and Mr. ROBERT H. WIDDICOMBE for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court:

To defendant railway company, a common carrier, plaintiff, delivered at Loveland, beef cattle to be

delivered to him at the Union Stockyards in Denver, Colorado, which live stock, as he alleges, were, because of defendant's negligence, injured during transit—for which a recovery in damages is sought. Defendant's negligence, upon which the action is based, is said to be the furnishing of unsafe and unsuitable cars for the shipment, and unreasonable delay in delivering the cattle. In the answer defendant denies some of the allegations of the complaint and, by a special defense, sets up a limited liability live stock contract under which the shipment was made, the terms of which operate to release it from damages; within the shield of which the answer says the defendant's case, as pleaded, comes. This contract, *inter alia*, recites that in consideration of plaintiff's agreement to the limitation of the carrier's liability, the latter gave to him, at his special request, a reduced rate, which is less than its regular tariff rate for the transportation of cattle at the carrier's risk. One paragraph of the contract provides that the carrier shall not be liable for any injuries to the cattle, unless the same "is the direct result of wilful misconduct, or actual negligence of said carrier, its agents, servants or employees." Another provision requires the shipper to inspect the cars in which the stock was to be transported, and the fact of his loading the stock into the cars is to be an "acknowledgment and acceptance by him of the sufficiency and suitability in every respect of said cars." By another paragraph the shipper assumes all risk of loss or damage to the stock "because of any defect or insufficiency in said cars," and the carrier purports to exempt itself from the common-law liability to transport the cattle within a reasonable time, and the shipper thereby relieves the carrier of all damage which might be caused by reason of delay in transportation. By still another clause the shipper ac-

knowledges that he had the option of making this shipment under the regular tariff rates, and that he voluntarily selected that named in the contract, which was different from and less than the regular rate for such transportation. The contract also provides that any suit for loss or damage to the cattle shall be brought within ninety days after the same occurred, and not afterwards.

The replication admits the execution of the special contract, but says that it is void for want of consideration in that the freight rate charged plaintiff was the regular rate charged by the carrier for the shipment of live stock, and not a reduced rate at all, that it was not given at his request, and that he had no opportunity or choice of shipping his cattle over the defendant's road under any other contract than that set out in the answer. The replication further alleges that the contract is against public policy, and void, in that it purports to relieve the defendant carrier from the consequences of its own negligence in failing to furnish suitable cars to transport the cattle, and deliver them without unreasonable delay. It admits that suit was not brought within the period of ninety days from the date of the injury, but, as a reason therefor, alleges that defendant acknowledged that there was justice in plaintiff's claim, and led him to believe it would be settled without suit, and although he took a much longer time than ninety days for the bringing of the action, defendant took more than this time for the purpose of investigating the claim for damages before refusing to pay it, and verbally agreed with him that if the payment of the claim was finally refused, it would waive compliance with the ninety-day limit. Defendant's motion for judgment on the pleadings was sustained, the action was dismissed, and plaintiff is here with his writ of error.

In most of the courts of this country it is no longer an open question that a common carrier may not, by special contract, limit or evade its common-law liability for the consequence of its own negligence or that of its agents. We shall consume no time by arguing a proposition so well established and wholesome. Such is the law of this jurisdiction as declared in *Union Pacific Railway Company v. Rainey*, 19 Colo. 225. The same doctrine is established for the federal courts in *Railroad Company v. Pratt*, 22 Wallace 123. Many other cases might be cited. Defendant admits that such is the law, but contends that the special contract here pleaded is not of the character inhibited, since the carrier does not thereby seek to relieve itself from liability for its own "wilful misconduct or actual negligence." Degrees of negligence are not recognized in this jurisdiction. Some courts, as in Illinois, speak of gross and slight negligence, and the courts of that, and some other states, have said that a carrier may, by a fair agreement, stipulate for exemption from the consequences of his slight or ordinary negligence. But the great weight of authority, including our own decisions, disregard the doctrine of degrees of negligence, and repudiate the rule of the contractual release of common carriers from liability for their own negligence, whether gross or slight.—Thompson on Negligence, sec. 6510, *et seq.* This contract may have been drawn with reference to the line of decisions which we have rejected, but it cannot be upheld in this jurisdiction. The language of these limiting clauses we have quoted, would, if stamped with judicial approval, effectuate the release of the carrier from its acts of ordinary negligence, and we unhesitatingly declare such provisions invalid. To say that this contract does not purport to relieve the carrier from liability for its own negligent acts because thereby it may still be

held for "wilful misconduct or actual negligence," though not for its negligence of an alleged lesser degree which the law requires of it in such cases, is a mere play upon words. The general common-law rule is that a carrier of live stock must provide reasonably safe and suitable vehicles for transporting freight and deliver it to the consignee without unreasonable delay.—2 Hutchinson on Carriers (3d ed.), secs. 496, 497, *et seq.;* 509, *et seq.* This contract assumes to shift such duty from the carrier and impose it on the shipper. It recites that the shipper himself made the selection, and was aware of the unsuitableness of the cars, if they are unfit. And, therefore, it is argued that damages which were caused by any defects in the cars employed, which were not occasioned by the wilful negligence of the carrier, may not be recovered because the contract expressly recites that the carrier shall not be held therefor. If this is not contracting against negligence, what is it? So also it is said that, inasmuch as the carrier did not agree to deliver the cattle within any specified time, it may not be held for any damage which was occasioned by an unreasonable delay in the delivery thereof to the consignee at the Union Stockyards in Denver. This is said to be true because the contract recites that the shipper assumes all loss or damage sustained by reason of delay in transportation that does not result from "wilful misconduct or actual negligence of the carrier." If this is not an attempt by contract to avoid liability for negligent delay in delivering, what does it mean? Such stipulations are absolutely void as against public policy; because, if given effect, the carrier would thereby be relieved of its common-law duty in these two particulars.

We notice several minor assignments in view of another trial. Defendant says that since plaintiff by his replication admits the making of the special

contract alleged in the answer, and in his complaint declares a breach of the defendant's common-law duty, there is a departure in the replication from the cause of action stated in the complaint. This contention is absolutely without merit, and has been resolved against defendant's contention in a case recently decided in this court.—*Estes et al. v. Denver & Rio Grande Railroad Company, ante,* 378.

Defendant says that even though the clauses of the special contract already considered are void, nevertheless the time limitation for bringing of the action is valid, and the action is barred, in the absence of a subsequent agreement between the parties waiving the same, or of conduct upon the part of the defendant by which the same has been waived, or defendant estopped to take advantage of it. We are of opinion that a reasonable limitation, such as this, is valid if there was a valid consideration for it. In the replication sufficient facts are alleged to show that defendant either waived this clause or is now estopped. The conduct of defendant, which is there set forth, is sufficient to constitute either a waiver or an estoppel. The principal objection urged against this plea is that there is no distinct allegation that the alleged conduct of defendant relied upon as a waiver, or estoppel, took place before the expiration of the time limit; and that, if it took place afterwards, there could be no waiver or estoppel. We do not decide this particular point, for we are of opinion that a fair construction of the replication is that the conduct occurred before such expiration, and defendants admit that a waiver occurring then is good as a plea. At least the replication, in the absence of a motion for a more specific statement, is good as against the general objection now made to it.

Another contention of defendant is that there were material allegations of the first defense in the

answer, consisting of new matter, which were not denied by the replication, the language of which is "He denies each and every allegation of new matter in the defendant's first defense contained." By this language, it is said, it is uncertain what the pleader himself considers new matter. We do not think that the supposed new matter in the first defense of the answer is of such a character that it is important to consider this objection. If it is defective, it may be cured by proper amendment if the case should be tried again. It appears that this objection was not urged below or passed upon by the trial court, and it is entirely clear that the court sustained the motion for judgment on the pleadings upon the ground that defendant could not be held for the acts of negligence charged, because it had exempted itself therefrom by the provisions of the special contract which we have held void. In view of what has been said it is not necessary to decide whether there must be some special consideration other than that recited in the bill of lading or limiting contract, upon which must rest the exemptions of the carrier here pleaded. The replication alleges that plaintiff had no option to accept any other contract than the one under which the shipment was made, no opportunity for a selection of any other, and that instead of the rate being a reduced, it was the regular rate which defendant charged for such transportation. The plaintiff says he is sustained by the greater number of decisions upon this phase of the case. The trend of decisions apparently was in this direction, at least until the recent case of *Cau v. Texas & Pacific Railway Co.,* 194 U. S. 427, which was followed in *Arthur v. Texas & Pacific Railway Co.,* 204 U. S. 505. The doctrine there announced is that, if the stipulation for exemption is just and reasonable in the eye of the law, the primary responsibility of a carrier may be modified

(31)

by contract, and that it is not necessary that an alternative contract be presented to the shipper for his choice, or that an independent consideration, apart from that expressed in the bill of lading, is necessary to support it. But, however that may be, in our view, as we have said, it is not necessary for us to express an opinion for the reason that the exemptions here claimed as the result of the contract are neither reasonable nor just, but, under almost all the authorities, and as we now hold, are absolutely void. The judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed.      *Reversed and remanded.*

Department 3.

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.