FRANCES B. HAYS, by next friend, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, June 2, 1914.

1. **DAMAGES: Personal Injuries: Excessiveness of Verdict.** Plaintiff, a girl fifteen years of age, was thrown from an automobile which was struck by one of defendant's street cars. She was caught and dragged beneath the overturned machine, with her face on cinders in the roadway, so as to break the skin covering her forehead and face and grind small particles of cinders into her flesh. One of her fingers was broken and both knees were lacerated, so as to occasion great pain, and she received bruises on the back and arms and over her body generally. She was confined in bed two weeks, and suffered a severe nervous shock. Her forehead and face, as a result of the cinders being ground in, appeared as one tattooed, and she was required to undergo painful treatment by a skin specialist in order to eradicate this appearance. The treatment was successful, but her face was disfigured by a scar, which her attending physician testified might not be removed. *Held*, that a verdict for $4000 was not excessive.

2. ———: ———: **Injury to Female.** In an action by a female for personal injuries resulting in disfigurement, the fact that she is a female is to be considered in awarding damages.

3. ———: ———: **Precedents.** In an action for personal injuries, it is proper for the court, in considering prior decisions bearing on the question of whether the recovery is excessive, to consider the purchasing power of money at the time of the decision as compared with its purchasing power at the time of the prior decisions.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Boyle & Priest, Blodgett Priest* and *Chauncey H. Clarke* for appellant.

There is no evidence of permanent disabilities whatsoever. The only permanent injury plaintiff received was a slight scratch on the face, which would tend to disappear with time. For this slight scratch she received a verdict and judgment of $4000. Such a judgment is grossly excessive. In fact, said verdict was so grossly excessive as to be indicative of passion, prejudice and partiality on the part of the jury. Clifton v. Railroad, 232 Mo. 708; Adams v. Railroad, 100 Mo. 555; Ice Company v. Tamm, 90 Mo. App. 202; Hollenbeck v. Railroad, 141 Mo. 112; Farrar v. Railroad, 249 Mo. 227.

*George B. Webster* for respondent.

Appellate courts will not interfere with a verdict approved by the trial court, on the ground of excessiveness, unless under all the evidence in the case the award is so gross as to shock the conscience and lead an unbiased mind to the inevitable conclusion that it was the result of passion or prejudice on the part of the jury. Todd v. Boone County, 8 Mo. 431; Goetz v. Ambs, 27 Mo. 28; Steinberg v. Gebhardt, 41 Mo. 519; Rose v. Spies, 44 Mo. 20; Sheehy v. Railroad, 94 Mo. 574; Hanlon v. Railroad, 104 Mo. 381; Leahy v. Davis, 121 Mo. 227; Fullerton v. Fordyce, 144 Mo. 519; Parks v. Railroad, 178 Mo. 108; Brownlee v. Hewitt, 1 Mo. App. 360; Meyer v. Tamm, 11 Mo. App. 599; Welsh v. McAllister, 15 Mo. App. 492; Manget v. O'Neill, 51 Mo. App. 35; Rice v. Railroad, 101 Mo. App. 459; Waechter v. Railroad, 113 Mo. App. 270; Saller v. Friedman Bros. S. Co., 130 Mo. App. 712; Kirn v.

Southern Iron Co., 146 Mo. App. 451; Phillips v. Railroad, 170 Mo. App. 416; Fisher v. Oliver, 154 S. W. 453. There is nothing in this record from which such a conclusion could be drawn.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through defendant's negligence. Plaintiff, suing by her father as next friend, recovered and defendant prosecutes the appeal.

But one argument is advanced here for a reversal of the judgment and that relates to the amount of the recovery. The jury assessed plaintiff's damages at the sum of $4000, and the amount is said to be excessive. No question whatever is made touching the right of recovery or pertaining to the proceedings had at the trial. It appears that plaintiff, Frances B. Hays, is a young girl, aged fifteen years at the time of her injury. She, in company with her mother and others, was in an automobile which became stalled on defendant's car track. The evidence tends to prove that defendant's car, through the negligence of its motorman, ran upon the automobile with such force as to thrust it forward sixty feet down the track and overturn it. Plaintiff was caught and dragged beneath the overturned automobile with her face upon cinders in the roadway so as to break the skin covering her forehead and face and grind small particles of cinders into her flesh. Moreover, one of her fingers was broken and both knees were lacerated so as to occasion great pain and suffering and she received bruises on the back and arms and over her body generally. She was confined to her bed two weeks as a result of the collision and it is said suffered a severe nervous shock therefrom. It appears that as a result of the particles of cinders being ground into the flesh of her forehead and face she appeared as one tatooed and was required to undergo treatment for several months by a skin spe-

cialist in order to eradicate the tatooed appearance. While this treatment appears to have been highly successful, until trace of the cinders in the flesh was almost removed, it was exceedingly painful to undergo. A freezing process was employed by the specialist through the application of a substance known as carbon snow—carbon dioxide—with a view of freezing the upper layers of the skin and causing a deep exfoliation, or scaling off, so as to throw off the cinders imbedded in the flesh beneath. This treatment, it is said, is very painful at the time of administration and for some time thereafter. Indeed, both the plaintiff and the physician testify that the patient suffers for eight or ten hours considerable pain and then there is reaction—inflammation of the skin takes place and that too is quite painful. Besides the broken finger, the lacerations of the face and the plaintiff's knees and the bruises suffered on other portions of the body, together with the anguish of mind and pain of body incident to the injuries and the subsequent treatment, it appears plaintiff's face is disfigured by a permanent scar which the attending physician says will remain— that is, may not be removed. However, there appears to be no other evidence of a permanent injury unless it is to be inferred from the nervous shock. Nature seems to have repaired the broken finger satisfactorily, so that no enduring disability appears on account of it.

No doubt the award of $4000 for such injuries is compensatory, but we are not persuaded that it is excessive. It is a difficult problem to determine, with any degree of precision, the amount of the loss entailed upon a young girl circumstanced as is this plaintiff because of the injuries and the permanent disfigurement of countenance she suffered. The question is not one of law. It is certain that plaintiff suffered both anguish of mind and pain of body for a considerable time after the injury because of it as well as through undergoing the subsequent treatment which

it occasioned in order to remove the particles of cinders imbedded in her face and dispel the tatooed appearance. Plaintiff is a young girl, just entering upon the threshhold of womanhood, a member· of a good family and occupies a respectable station in life. What damages such injuries, together with the permanent scar on her face, may entail on her future well-being and happiness no one can foretell.

The fact that plaintiff is a young female is to be considered in such cases when the matter of the award of compensation for the loss is reviewed, for the disfigurement of a young lady's appearance is infinitely greater in its consequences upon her future than a like disfigurement upon a young man. [Chipman v. Union Pac. R. Co., 12 Utah, 68, 71; Buckry-Ellis v. Mo. Pac. R. Co., 158 Mo. App. 499, 509, 138 S. W. 912.] Such being true, it would seem that the court in performing its office in supervising the amount of recovery should defer largely, in cases of this character, to the judgment of the jurors which rendered the verdict and the trial court in giving the award its approval. In this case, the verdict was by unanimous vote of the jury, and the trial court approved it when its amount was challenged in the motion for a new trial. The scar on plaintiff's face and the extent it disfigures her is not before us, as it was before the jury and the trial court. But be this as it may, this court has heretofore approved verdicts of considerable amounts given to compensate slight injuries.

In the case of Dimmitt v. Hannibal & St. J. R. Co., 40 Mo. App. 654, the plaintiff suffered a severely sprained ankle and, it may be, a rupture of the ligaments attending it but no other injuries. A verdict of $2000 was approved by the court as not being excessive. In Honeycutt v. St. Louis, I. M. & S. R. Co., 40 Mo. App. 674, 679, the plaintiff suffered an injury by which the leaders of her right hand were cut and her hand was stiffened and crippled from which she suf-

fered severe pain and anguish. No other injuries appear save that her fingers were permanently disabled and the court approved an award of damages of $2250. When it is remembered that the purchasing power of money at the time those cases were decided was almost double that of the present as measured by the values of necessaries of life and property generally, it is clear that the verdict here is not excessive. It is said to be proper, in looking to prior decisions on the question of the amount of the recovery in cases of personal injury, to consider the fact of the difference in the purchasing power in money in which the sufferer is to be compensated at the present time as compared with such power at the time the prior decisions were given. Touching this question, see Watson on Damages, sec. 362, p. 446; also Johnson v. St. Paul, etc. R. Co., 67 Minn. 260, 265; Gale v. New York Cent. R. Co., 13 Hun (N. Y.) 4.

Upon a consideration of all of the facts in the record, including the permanent disfigurement of plaintiff's face and the prior decisions above referred to on awarding compensation for slight injuries, together with the relative value then and now of the amount of the compensation awarded, it cannot be said that the verdict is excessive.

The judgment should, be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.