No. 31,687

LUCILLE SPONABLE, *Appellee*, v. H. R. THOMAS and GLEN WARNICKE, *Appellants*.

(33 P. 2d 729.)

Opinion filed June 9, 1934.

Roy S. Lowe, of Paola, O. C. Mosman, Clay C. Rogers, Paul A. Buzard and Don E. Black, all of Kansas City, Mo., for the appellants.

Frank Merrill, of Paola, W. L. Cunningham, D. Arthur Walker, Fred G. Leach and William E. Cunningham, all of Arkansas City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from the same accident referred to in action 31,518 (Sponable v. Thomas et al.), ante, page 710. Reference is made to the opinion in that case for the statement of facts. In its main aspects this cause is controlled by the decision in that case.

From a judgment in favor of plaintiff, defendants appeal, assigning seventeen specifications of error, which are argued under eight heads, and which will be considered.

1, 2 and 3. The contentions presented under these heads are: (1) Plaintiff was guilty of contributory negligence; (2) the declarations of defendant Warnicke, as to why he stopped the truck, were hearsay and therefore not binding on defendant Thomas; and (3) it was error to permit examination of defendant Thomas as to his being a contract carrier.

The arguments on the three contentions are based on about the same state of facts and situation as existed in the husband's case, such slight differences as appeared not being such as to change the rules of law involved. The contentions have been sufficiently discussed in the fifth, third and second paragraphs of the opinion in action 31,518, to which reference is made.

4. Complaint is made of the giving of the fourth instruction in which the court advised the jury as to defendant's duty in operating the truck, especially with regard to lights and reflector, and that the failure of the defendant to observe and obey the requirements was negligence. The instruction here complained of was similar to that discussed in the seventh paragraph of the opinion in action No. 31,518, and what is there said is applicable here. The essential difference in the two instructions is that in the instant case the court stated that the violation of law requiring lights would be negligence, not *prima facie* evidence of it. A similar instruction was given in *McCoy v. Pittsburg Boiler and Machine Co.*, 124 Kan. 414, 261 Pac. 30, in which judgment for plaintiff was affirmed. The instruction was proper.

5 and 6. The appellants urge that the court committed error in refusing to give requested instructions Nos. 5 and 7. Both referred to plaintiff's duty to look out for her own safety, and the consequences of her failure to do so. The court's instructions contain two instructions bearing the number 6. The fifth, sixth and sixth instructions given substantially covered the matters set forth in the requested instructions.

7. Complaint is made of the court's refusal to set aside answers to certain special questions.

The fourth question asked at what speed plaintiff's car was traveling when her husband first saw the truck, and the jury's answer was "About fifteen miles per hour." It is insisted this is contrary to the evidence. An examination of the abstract shows the husband on direct examination testified that he was going ten miles per hour or less (when is not shown), and on cross-examination he stated he was going slowly, was going less than ten miles per hour. "I was going less than ten miles per hour when I collided with the truck." · He was also asked whether he had told Mr. Thomas he was going twenty-five or thirty miles an hour, which he denied. Warnicke testified he heard Mr. Sponable tell Thomas he was driving twenty-five to thirty miles per hour. In view of the testimony, we cannot say the answer is contrary to the evidence. Two other questions asked whether plaintiff had clear vision through the windshield, to which the jury answered "No"; and if not, what prevented, and the jury answered "atmospheric conditions." The argument is that plaintiff and her husband testified the windshield was cleaned and

clear and that there was no justification for the answer that atmospheric conditions prevented. Answers must be construed so as to harmonize with the general verdict, if possible. It is clear to us that what was meant was that the falling snow and general weather conditions prevented clear vision.

The other question asked how far an object such as the truck in question could be seen through the windshield, and the jury answered "unknown."

The only evidence to which our attention has been directed is that of plaintiff's husband, who would not undertake to tell the jury how far up the road he could see an object. "I couldn't say whether it was fifty feet or sixty feet or less than fifty feet. I do not know whether I could see more than thirty feet." And it hardly warranted any different answer than the jury made. Even had the answer been set aside, it would not have affected the verdict. There was no error in the court's ruling on the motion.

8. The jury returned a verdict in favor of plaintiff for $6,000, and it is urged that the amount is excessive. A similar complaint is considered in the twelfth paragraph of the opinion in action No. 31,518, and what is there said has application here. The testimony showed plaintiff, who was at the time twenty-seven years of age, was made unconscious by the collision and was so badly cut on the knees and in the face her clothing was pretty well blood-soaked, the four upper incisor teeth were battered and broken and two were pushed through a wound on her face, the alveolar process was broken, and two of the teeth had to be extracted and two others had to be wired in to other solid teeth, the wiring being later removed. The wound on the face healed, leaving a scar. The cuts on the knees were severe, but healed all right. In addition, there were multiple bruises on her body and hips, arms and head, and she suffered from shock. Plaintiff was pregnant, and the purpose of the trip to Kansas City was for her to enter a hospital to be delivered of her child, whose birth was imminent. The child was born February 16, 1932. Plaintiff made a satisfactory recovery from the injuries, but the scar on her face and the loss of her teeth are permanent.

In *Hays v. United Railways Co.*, 183 Mo. App. 608, 167 S. W. 656, a young woman was injured in an automobile accident so that her facial beauty was marred. That was her principal injury, and a verdict of $4,000 was held not excessive. The court distinguished

the effect of facial disfigurement of a woman from that of a man in the following language:

"What damages such injuries, together with the permanent scar on her face, may entail on her future well-being and happiness no one can foretell. The fact that plaintiff is a young female is to be considered in such cases when the matter of the award of compensation for the loss is reviewed, for the disfigurement of a young lady's appearance is infinitely greater in its consequences upon her future than a like disfigurement upon a young man (citing cases)." (p. 612.)

See, also, *Quayle v. Knox,* 27 P. 2d 115 (Wash.), holding a verdict of $5,000 not excessive for injuries to a young woman consisting principally in head cuts and bruises to the face with resulting scars. Also, see 17 C. J. 1096.

Appellants contend that although plaintiff did have some of her teeth knocked out and others loosened, and although her face was badly cut, after careful medical attention and plastic surgery, only a slight scar results, but such a contention ignores her pain and suffering while undergoing treatment, her worry about the outcome and the cost of the treatment.

The trial court had an opportunity to see the plaintiff and to observe the effect of her injuries, it heard the evidence on which the jury based its verdict and thereafter approved the verdict. While the amount of the verdict may be large, we are not convinced that it is excessive, or that the trial court erred in approving it.

The judgment of the trial court is affirmed.