**Marcia DUKEMINIER and John Dukeminier, Plaintiffs,**

v.

**K–MART CORPORATION, a Michigan corporation authorized to do business in Colorado, Defendant.**

Civ. A. No. 86–K–482.

United States District Court, D. Colorado.

Jan. 26, 1987.

Jeffrey R. Edelman, Denver, Colo., for plaintiffs.

Gary E. Parish, R. Daniel Schied, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff in this diversity action, Marcia Dukeminier, seeks relief for injuries sustained when she stepped through the floor into a trench while shopping at a Cortez, Colorado K–Mart. Her complaint alleges four claims for relief: negligence, gross negligence, outrageous conduct, and strict liability.

K–Mart has filed a motion under Fed.R. Civ.P. 12(b)(6), seeking dismissal of the gross negligence and outrageous conduct claims.

In her response, plaintiff concedes the inapplicability of the strict liability claim. Therefore, her tort action rests on the other three legal bases.

■ For the defendant to prevail on a motion to dismiss under Rule 12(b)(6), it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976). All facts must be construed in favor of the plaintiff. *Gardner v. Toilet Goods Ass'n.*, 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967). So long as the plaintiff may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Brezinski v. F.W. Woolworth*, 626 F.Supp. 240, 241–2 (D.Colo.1986); *Conley*. Each of the two claims will be discussed in turn.

### Gross Negligence

Plaintiff claims that gross negligence is a "legally cognizable occurrence, as differentiated from simple negligence". Plaintiff's Brief in Support of Response to Motion to Dismiss, at 5. Plaintiff cites two Colorado cases in support of that proposition, *Wall et al. v. Cameron*, 6 Colo. 275 (1882) and *Kansas Pacific Railway Co. v. Miller*, 2 Colo. 442 (1874).

However, since these decisions, the Colorado Supreme Court has refused to recognize stratification by degrees of negligence. *Adams v. Colorado & S. Ry. Co.*, 49 Colo. 475, 478, 113 P. 1010, 1012 (1911); *Colorado & S. Ry. Co. v. Webb*, 36 Colo. 224, 230, 85 P. 683, 685 (1906); *Denver & R.G.R. Co. v. Peterson*, 30 Colo. 77, 88–9, 69 P. 578, 581 (1902). That determination has not changed to the present.

■ The gross negligence claim is merely a reaffirmation of the claim for negligence. As such it is redundant. Since no other evidence is offered to support a claim for relief already plead, the motion to dismiss is granted. *Conley*.

### Outrageous Conduct

■ The claim of outrageous conduct is governed by Colorado law. *Luna v. City and County of Denver*, 537 F.Supp. 798,- 799 (D.Colo.1982). Although the question of whether conduct is sufficiently outrageous is ordinarily a question for the jury, a court must determine in the first instance whether reasonable persons could differ on the outrageousness issue. *Meiter v. Cavanaugh*, 40 Colo.App. 454, 455–6, 580 P.2d 399, 401 (1978). The totality of the conduct must be evaluated. *Luna*, 537 F.Supp. at 799; *Brenimer v. Great Western Sugar Co.*, 567 F.Supp. 218, 223 (D.Colo.1983).

■ A claim of relief for outrageous conduct must allege one of two threshold levels of conduct by the defendant. Either 1) the defendant has engaged in a pattern of conduct that was intended to cause or recklessly did cause severe emotional distress to the plaintiff, or 2) if the incident is isolated, the defendant blatantly and severely harassed the plaintiff. *Brezinski v. F.W. Woolworth*, 626 F.Supp. 240, 244 (D.Colo.1986); *Rawson v. Sears Roebuck and Co.*, 530 F.Supp. 776, 780 (D.Colo.1982). Plaintiff alleges neither.

The complaint's only relevant language occurs in paragraph 15 of Count I. There, plaintiff states that K–Mart's utter disregard of the rights and feelings of plaintiff, displayed in the reckless manner in which the store had covered the trench in the floor, constituted outrageous conduct. Complaint at ¶ 15. The paragraph may be couched in the terms of the Colorado punitive damages statute, C.R.S. 13–21–102, but it fails to allege any factual support for the activity of blatant and severe harassment on the part of the defendant, activity which necessarily incorporates the aspect of persistent annoyance. The classic qualities of tiresome impediment and barrage bordering on exhaustion—which "harassment" by normal definition implies—are not alleged in the complaint. Plaintiff's brief in support of the response is no more supportive of such a showing than is the complaint. *See* Response Brief at 2–4.

Colorado has held conduct otherwise permissible may become extreme and outrageous where an actor abuses a position of actual or apparent authority over another or abuses her power to affect another's interests. *Zalnis v. Thoroughbred Datsun Car Co.*, 645 P.2d 292, 294 (Colo.App.1982). Neither abuse nor authority by the defendant over the plaintiff is alleged here.

The mere happening of an accident does not mean that outrageous conduct was present. *Deming v. Kellogg*, 41 Colo. App. 264, 583 P.2d 944, 945 (1978). Plaintiff fails to allege conduct by the defendant which reasonable persons could recognize as extreme and outrageous under the above tests. This is especially true where there are no eyewitnesses to the accident. *Id.* at 945–6. Instead, plaintiff has alleged actions on the part of the defendant which are undistinguishable from actions traditionally understood to be negligent.

Even construing all alleged facts in her favor, plaintiff cannot prove any set of facts in support of her claim for outrageous conduct. The claim for outrageous conduct, therefore, is dismissed.

I note that although plaintiff has attempted to preserve a claim for punitive damages through the use of specific language in the complaint, punitive damages are not available where only a claim for simple negligence is ultimately presented. *Tri-Aspen Construction Co. v. Johnson*, 714 P.2d 484, 488 (Colo.1986).

IT IS THEREFORE ORDERED:

1. The motion to dismiss is GRANTED on the gross negligence claim;

2. The motion to dismiss is GRANTED on the outrageous conduct claim;

3. The claim for strict liability is dismissed by agreement of the parties.

4. Punitive damages are unavailable to the plaintiff.