583 P.2d 944 (1978)
Beverly DEMING, Plaintiff-Appellant,
v.
Glenn O. KELLOGG and Ringsby Truck Lines, Inc., a Nebraska Corporation, Defendants-Appellees.
No. 77-858.
Colorado Court of Appeals, Division I.
August 10, 1978.
*945 Harold L. Davison, Aurora, for plaintiff-appellant.
Thomas E. McCarthy, Denver, for defendants-appellees.
COYTE, Judge.
Plaintiff appeals from a judgment dismissing her complaint after a pretrial conference. We reverse as to two claims for relief and remand for further proceedings.
Decedent, plaintiff's husband, was traveling east on Interstate 70 approaching the Eisenhower Tunnel when defendant's truck, traveling on the westbound portion of Interstate 70, ran off the road, down an embankment, narrowly missed decedent's vehicle, and landed in the eastbound traffic lane immediately in front of the vehicle being driven by decedent. Some debris from the truck hit decedent's vehicle. There were no surviving eyewitnesses to the accident. Plaintiff, the surviving wife, sued defendants, owner and lessor of the truck involved in the accident. Her first claim for relief alleged that their employee, the driver of the truck, had negligently inflicted emotional distress on her husband and thus caused his death. Plaintiff's second claim for relief was for outrageous conduct, and her third claim for relief was under the common carrier statute, § 13-21-201, C.R.S. 1973.
Since the trial court's ruling on the above case, our Supreme Court has abolished the impact requirement in cases of negligently inflicted emotional distress when that distress results in serious physical manifestations, Towns v. Anderson, Colo., 579 P.2d 1163 (No. C 1290, announced June 12, 1978) and adopted as the better rule Restatement (Second) of Torts § 436(2) (1965). We believe that the rule of this case should be applied here and that plaintiff's first claim for relief must be reinstated.
Plaintiff's second claim for relief alleges that plaintiff's decedent's death was a proximate result of the outrageous conduct of the defendant's employee. We agree with the trial court's ruling that the mere happening of an accident does not necessarily mean that outrageous conduct was present. The tort of outrageous conduct involves "extreme and outrageous conduct [which] intentionally or recklessly causes severe emotional distress to another." Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753 (1970); Restatement (Second) of Torts § 546 (1965). The elements of outrageous conduct are absent here, particularly as there were no eyewitnesses to the accident. *946 Accordingly, the dismissal of the second claim for relief is affirmed.
As to the third claim for relief, the common carrier statute, § 13-21-201, C.R.S. 1973, gives a cause of action to the survivors of any person who "dies from any injury resulting from or occasioned by negligence . . . of any driver of any coach or other conveyance operated for the purpose of carrying freight or passengers for hire. . .." Since the impact doctrine no longer applies to claims arising under ordinary negligence principles, it likewise no longer applies to claims under the common carrier statute which allege negligence. Towns v. Anderson, supra.
Accordingly, we affirm the judgment of the trial court in dismissing the second claim for relief, reverse the judgment dismissing the first and third claims for relief, and remand the cause to the trial court for further proceedings not inconsistent with this opinion.
SMITH and BERMAN, JJ., concur.