MR. JUSTICE SHEA,
concurring:
I would affirm the judgment, but I cannot do so on the ground relied on by the majority. Section 33-18-201(13), MCA, was not intended to create a separate cause of action in favor of the insured where his insurance company has not dealt with him in good faith. Just like our recent decision in Klaudt v. Flink (1983), 202 Mont. 247, 658 P.2d 1065, 40 St.Rep. 64 (No. 82-247, decided January 28, 1983), the majority has created a statutory cause of action out of thin air.
The verdict and judgment can, however, be affirmed in any event because there is ample evidence that the insurance company was not acting in good faith with its insured. As indicated by Justice Morrison, we held in Lipinski v. Flathead County Title Co. (1982), 202 Mont. 1, 655 P.2d 970, 39 St.Rep. 2283, a punitive damage award in favor of *405 the insured against an insurance company “exists independent of the insurance contract and independent of statute.” Here the insurance company had a clear duty to immediately settle with the insured that part of the claim which was undisputed. A jury could, under these facts, conclude that its failure to do so was in bad faith.