**Debra D. MARZOLF, individually and as Guardian Ad Litem for Deana Marzolf, a Minor, Plaintiff,**

v.

**Chad HOOVER and Farmers Insurance Exchange, Defendants.**

**No. CV–84–12–GF.**

United States District Court, D. Montana, Great Falls Division.

July 31, 1984.

Turner Graybill, Graybill, Ostrem, Warner & Crotty, Great Falls, Mont., for plaintiff.

Marvin J. Smith, Smith, Baillie & Walsh, Great Falls, Mont., for defendant Hoover.

William Conklin, Dzivi, Conklin & Nybo, Great Falls, Mont., for defendant Farmers Insurance Exchange.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Presently before the court are numerous motions filed by the defendants requesting the court to dismiss and strike certain claims advanced by the plaintiff against the defendants. Having considered the merits of the arguments advanced by the parties with respect to these various motions, the court is now prepared to rule.

*Defendant Hoover's Motion to Dismiss Count II of the Original Complaint*

Hoover moved to dismiss Count II of the plaintiff's complaint which attempted to plead a claim for the tort of bad faith against Hoover. Subsequent to the filing of that motion, the plaintiff was granted leave to file an amended complaint which deleted the bad faith claim challenged by Hoover. Accordingly, the motion to dismiss the bad faith claim advanced against Hoover in the original complaint must be DENIED as moot.

*Defendant Hoover's Motion to Dismiss Plaintiff's Claim for Negligent Infliction of Emotional Distress (Count II of Amended Complaint)*

■ Under Montana law, a person may recover damages caused by the emotional impact of witnessing an accident, causing the death or serious injury of a closely related individual. *See, Versland v. Caron Transport*, Mont., 671 P.2d 583 (1983). In *Versland*, the court enunciated the elements which must be satisfied to establish a claim for negligent infliction of emotional distress in such circumstances, the first of which was stated as follows:

Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous perception of the accident, as contrasted with learning of the accident from others after its occurrence.

*Id.* at 587.

In recognizing the existence of a cause of action for the damages caused by the emotional trauma experienced by witnessing an accident which results in the injury or death of a close relative, the Montana Supreme Court followed the lead of the California Supreme Court in *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), and abandoned the "zone-of-physical-danger rule" for the more expansive "zone-of-psychic-danger rule". *Versland*, 671 P.2d at 586. Consistent with the *Dillon* progeny, *see, Krouse v. Graham*, 19 Cal.3d 59, 137 Cal.Rptr. 863, 562 P.2d 1022 (1979); *Bliss v. Allentown Public Library*, 497 F.Supp. 487 (E.D.Pa. 1980), the Montana Supreme Court further held that sensory perception of an accident, rather than actual visual observation, would suffice to satisfy the first element of the cause of action. *Versland*, 671 P.2d at 586.

In the case *sub judice*, the plaintiff's minor daughter was riding her bicycle when she was struck by a truck driven by Hoover. Immediately after the mishap, the plaintiff was summoned to the scene, where she observed her daughter's injuries as the daughter lay sprawled on the ground waiting for the arrival of medical assistance. The issue raised by Hoover's motion is whether the facts plead by the plaintiff state a claim cognizable under the *Versland* decision.

It is undisputed that the plaintiff arrived at the scene after the mishap occurred. Undoubtedly, the occurrence would have been a traumatic experience for the plaintiff. The cause of action recognized in *Versland*, however, is designed to compensate an individual for the trauma occasioned by perceiving, through any human sensory medium, an event which causes injury to a closely related individual.

In espousing the first element necessary to establishing a claim under *Versland,* the Montana Supreme Court specifically stated that their formulation of that element was designed to satisfy the proximity requirement. 671 P.2d at 586. The court concluded that if the plaintiff is required to experience "actual sensory perception of the accident", the proximity requirement would be satisfied. 671 P.2d at 586. By injecting the requirement of contemporaneous perception, the court in *Versland* clearly limited recovery to those situations where the plaintiff actually perceives the injury-producing event.

■ Based on the facts plead by the plaintiff in the present instance, it is clear that the plaintiff fails to satisfy the first element of *Versland.* The plaintiff was not in the proximity of the injury-producing event and did not contemporaneously perceive the same. Rather, she learned of the event after its occurrence. Accordingly, I find that the plaintiff has failed to state a claim for the negligent infliction of emotional distress. Hoover's motion to dismiss Count II of the Amended Complaint must be GRANTED.

*Defendant Farmers Insurance Exchange's Motion to Dismiss Count III of Plaintiff's Amended Complaint*

In Count III of her amended complaint, the plaintiff alleges that Farmers Insurance Exchange ("Farmers"), defendant Hoover's insurer, had a duty under Montana law to deal in good faith with respect to the insurance claims filed as a result of the mishap at issue. The plaintiff alleges that Farmers breached that duty by attempting to deceive the plaintiff and coerce her into settling her claims.

Farmers moves to dismiss the claim upon the ground that Montana law does not recognize a common law duty of good faith running from an insurer to a third party claimant injured by the negligence of an insured.

■ Under Montana law, a third party claimant may maintain an action in tort against an insurer for violating the Unfair Trade Practices section of the Montana Insurance Code, § 33–18–201 Montana Code Annotated (1979). *Klaudt v. Flink,* Mont. 658 P.2d 1065 (1983). The duty essential to the maintenance of a cause of action by a third-party claimant against an insurer is statutory in nature, having its genesis in the Unfair Trade Practices section of the Montana Insurance Code. The *Klaudt* decision recognized the right of third-party claimants to maintain a private civil cause of action against an insurer for breach of the duty to settle, an obligation created by § 33–18–201(6), M.C.A. (1979). The duty owed a third-party claimant by an insurer is akin to, yet distinct from, the fiduciary duty running from an insurer to its insured. *See, Thompson v. State Farm Mutual Automobile Ins. Co.,* 161 Mont. 207, 505 P.2d 423 (1973). The latter duty being a common law duty attendant a contract of insurance.

■ In Count III of her Amended Complaint, the plaintiff asserts the existence of a common law duty running from an insurer to a third-party claimant, a duty separate and independent from the obligation imposed upon an insurer by § 33–18–201, M.C.A. (1979). No such duty, however, exists under Montana law, and *Klaudt v. Flink, supra,* does not alter this conclusion. Granted, a fiduciary duty runs from the insurer to its insured by virtue of the contract of insurance extant between the two, *see, Thompson v. State Farm Mutual Automobile Ins. Co., supra,* but the only duty running from an insurer to a third-party claimant is that imposed upon the insurer by § 33–18–201, M.C.A. (1979). Accordingly, I find that Count III of plaintiff's Amended Complaint fails to state a claim cognizable under Montana law.

*Defendant Farmers' Motion to Dismiss Count IV of Plaintiff's Amended Complaint*

In Count IV of her complaint, the plaintiff asserts a separate claim against Farmers for the intentional infliction of emotional distress. The conduct of Farmers which

the plaintiff contends constitutes an intentional infliction of emotional distress is the same conduct upon which the plaintiff predicates Count V of her complaint; a claim for the bad faith breach of the obligations imposed upon an insurer by § 33–18–201, M.C.A. (1979).

The gist of plaintiff's claim is that while certain conduct of an insurer may constitute a breach of the obligation imposed by the Unfair Trade Practices section of the Montana Insurance Code, that conduct may be so egregious as to constitute the separate tort of intentional infliction of emotional distress.

Farmers moves to dismiss Count IV, contending that the intentional infliction of emotional distress is not a tort cognizable under Montana law.

■ Although no decision of the Montana Supreme Court expressly states that Montana recognizes the existence of the tort of intentional infliction of emotional distress, Montana law clearly recognizes that extreme or outrageous conduct causing damage to a person is compensable in tort. *See, Lauman v. Lee*, Mont. 626 P.2d 830, 833 (1981). Whether one wishes to denominate the tort as the tort of outrage or the tort of intentional infliction of severe emotional distress, the difference appears semantical. The gravamen of the tort is the intentional or reckless causing of severe emotional distress by extreme or outrageous conduct. *See, e.g., Patton v. First Federal Savings & Loan*, 118 Ariz. 473, 578 P.2d 152 (1978); *Deming v. Kellogg*, 41 Colo.App. 264, 583 P.2d 944 (1978); *Young v. Hecht*, 3 Kan.App.2d 510, 597 P.2d 682 (1979); *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90 (1981). I am convinced, in light of *Lauman*, that if presented with the question at issue here, in precise terms, the Montana Supreme Court would undoubtedly hold that extreme or outrageous conduct causing severe emotional distress to a person constitutes a tort compensable under Montana law.

One need only ponder the contentions advanced by Farmers to realize the logic of the foregoing conclusion. Assume that an agent of an insurer, in an effort to force a claimant to settle a claim, engaged in an isolated incidence of outrageously offensive conduct, causing the claimant to suffer severe emotional distress. Because the incident was an isolated one, the conduct would not constitute a general business practice sufficient to establish a breach of the duty imposed by the Unfair Trade Practices section of the Montana Insurance Code. To conclude that such conduct would not serve as the basis of a tort until it became a general business practice runs contrary to the spirit of *Lauman*, and the case law of Montana as a whole.

■ Farmers further contends that the conduct of which the plaintiff complains is not outrageous. The question of what constitutes outrageous conduct is a question of fact for a jury to decide. Granted, that if the evidence presented fails to meet a threshold showing of outrageous conduct, the court may decide, as a matter of law, that the issue should not be submitted to the jury. The court, however, cannot make that determination in a vacuum, but must assess the evidence at the appropriate time. Accordingly, Farmers' motion to dismiss Count IV of the plaintiff's Amended Complaint must be DENIED.

*Defendant Farmers' Motion to Dismiss Count V of Plaintiff's Amended Complaint*

■ Count V of the amended complaint clearly states a claim for breach of the duty imposed upon an insurer by § 33–18–201, M.C.A. (1979). *See, Klaudt v. Flink, supra.* Farmers contends, however, that the *Klaudt* decision should not be applied retroactively to the present situation. Farmers' contention must be rejected as without merit and the motion to dismiss Count V DENIED.

The requirements of *LaRoque v. State and Alley*, 178 Mont. 315, 583 P.2d 1059 (1978), essential to the adoption of a rule of nonretroactivity, are not present. Specifically, the situation is not one in which there

was "a clearly declared judicial doctrine upon which [litigant] relied and under which [litigant's] conduct was lawful, a doctrine which was overruled in favor of a new rule according to which conduct performed in reliance upon the old rule would have been lawful." 178 Mont. at 319, 583 P.2d 1059, citing *Hanover Shoe v. United Shoe Machinery Corp.*, 392 U.S. 481 at 496, 88 S.Ct. 2224 at 2233, 20 L.Ed.2d 1231 (1968). *Klaudt* was a decision interpreting a legislative enactment which was in force prior to the incident at issue, not the establishment of a judicial doctrine which was clearly contrary to a previously clearly declared doctrine.

*Defendant Farmers' Motion to Dismiss Count VI of Plaintiff's Amended Complaint*

 In Count VI of her complaint, the plaintiff advances a claim for breach of promise. Plaintiff predicates her claim for breach of promise upon Farmers allegedly unconditional offer to pay the medical expenses of plaintiff's minor daughter occasioned by the mishap at issue. Count VI simply fails to state a claim cognizable under Montana law. Plaintiff's failure to cite any authority in support of the claim is indicative of its merit. Farmers' motion to dismiss Count VI of plaintiff's amended complaint must be GRANTED.

*Defendant Farmers' Motion to Strike Plaintiff's Claims for Attorney's Fees*

 The plaintiff claims attorney's fees as an element of damage in Counts IV and V of the amended complaint. Attorney's fees are not allowed in Montana unless recovery is granted by contract or statute. *Foy and Gilreath v. Anderson*, 176 Mont. 507, 580 P.2d 114 (1978). Section 33–18–201, M.C.A. (1979), does not provide for an award of attorney's fees in actions prosecuted thereunder. Accordingly, Farmers' motion to strike plaintiff's claims for attorney's fees must be GRANTED.

IT IS SO ORDERED.