Terrance E. KURKIEREWICZ, Plaintiff,

v.

Bill LOEWEN; Robert & Oake, Inc.;
and the Insurance Company of the
State of Pennsylvania, Defendants.

No. CV 85–12–BU–CCL.

United States District Court,
D. Montana,
Butte Division.

Feb. 21, 1986.

Mark A. Vucurovich, Butte, Mont., Norman K. Marsh, Sault Ste. Marie, Mich., for plaintiff.

Smith, Baillie & Walsh, Emmons & Coder, Gt. Falls, Mont., for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

This case involves claims for both negligence and insurance bad faith. Defendants Loewen and Roberts & Oake move, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, to sever the trial of the negligence claim advanced against them from that of the bad faith claim brought against the Insurance Company of the State of Pennsylvania (carrier).

The negligence cause of action arises out of a December 1983 collision between two tractor-trailer rigs in southwestern Montana. Plaintiff was the operator of one rig and Loewen operated the other. The second rig was owned by Roberts & Oake. The bad faith cause of action arises out of the carrier's handling of plaintiff's subsequent insurance claim.

Defendants Loewen and Roberts & Oake assert that a simultaneous trial of the negligence and bad faith actions would prejudice their defense and confuse the jury. Rule 42(b), Fed.R.Civ.P., provides in part:

> The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any number of claims, always preserving inviolate the right of trial by jury.

The Court is vested with wide discretion in determining whether bifurcation is required under the circumstances. Since federal jurisdiction is based upon diversity of citizenship, the substantive rights and obligations of the parties are defined by state law.

Bifurcation of the negligence and bad faith claims is permitted, but not required, under the standard set forth in *Klaudt v. Flink*, 202 Mont. 247, 658 P.2d 1065 (1983). The rule of *Klaudt* is that the bad faith claim may be tried concurrently with the negligence issue, before liability is established, or after liability has been determined. 658 P.2d at 1067. In permitting joint trial of liability and bad faith claims, the Montana Supreme Court departed from the general rule allowing prosecution of bad faith actions only after liability has been adjudicated. *Id.* In response to *Klaudt*, the Montana Legislature enacted Mont.Code Ann. § 33–18–241, which provides "the trial of a claim or action against an insurer for lack of good faith in its handling or settlement of an insurance claim *may not be consolidated* with a trial of the underlying claim" for negligence. (Emphasis added.) While this suit was commenced prior to the effective date of

the above-quoted statute, October 1, 1985, the Court finds the legislative response to *Klaudt* enlightening.

In my opinion, joint trial of the negligence and bad faith claims advanced by plaintiff would unnecessarily confuse the jury. The *Klaudt* rule permits bifurcation of these claims. In the interest of a fair trial on the issues, these claims should be tried separately pursuant to Rule 42(b). I am inclined to try the claims to the same jury, with trial of the bad faith claim to follow that of the negligence claim.

IT IS ORDERED that the motion of defendants Loewen and Roberts & Oake to sever the trial of the bad faith claim brought against the insurance carrier is GRANTED.