Sheila BOGGS, now known as Sheila Mayes, Plaintiff–Appellant,

v.

Nancy LEWIS; Safeco Insurance Companies, Defendants–Appellees.

No. 87–4073.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 1988.

Decided Dec. 15, 1988.

Edward G. Beaudett, Knight, Dahood, McLean & Everett, Anaconda, Mont., for plaintiff-appellant.

P. Keith Keller, Keller, Reynolds, Drake, Sternahgen & Johnson, P.C., Helena, Mont., Shelton C. Williams, Williams Law Firm, P.C., Missoula, Mont., for defendants-appellees.

Before FLETCHER, BOOCHEVER and TROTT, Circuit Judges.

FLETCHER, Circuit Judge:

This case arises out of an automobile collision between cars driven by Sheila Boggs–Mayes (Boggs) and Nancy Lewis (Lewis). Boggs sued Lewis for negligence and sued Lewis' insurer, Safeco Insurance Company ("Safeco"), for its bad faith refusal to settle a claim in violation of Montana Code Annotated (M.C.A.) § 33–18–201(6), which imposes liability on insurers who "neglect to attempt in good faith to effectuate proper, fair, and equitable settlements of claims in which liability has become reasonably clear." The jury awarded zero damages against Lewis. The district court then granted Safeco's motion for summary judgment. Boggs appeals on a number of grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## I

On July 7, 1981, Boggs' and Lewis' vehicles collided in Butte, Montana. Lewis has always conceded that she was responsible for the accident.

Boggs filed suit against Lewis and Safeco in state court in Montana on January 26, 1984. Boggs and Lewis are both citizens of Montana. Safeco is an out-of-state corporation.

Safeco removed the entire case to the United States District Court for the District of Montana pursuant to 28 U.S.C. § 1441(c). The district court then granted the defendants' motion for separate trials, although the court ordered that both claims

would be tried back-to-back before the same jury.

Over two years later, Boggs filed a motion to remand the claim against Lewis. The motion was denied on October 30, 1986.

The jury awarded Boggs zero damages in her claim against Lewis. The court denied Boggs' motion for a new trial. The court then granted Safeco's motion for summary judgment.

The principal factual dispute during the trial pertained to the cause of Boggs' many physical and psychological problems. Boggs claims that her problems are the result of the July 7 collision. She introduced supporting medical testimony at trial. Lewis introduced evidence suggesting that the physical impact of the collision was minimal and that Boggs suffered from her current ailments prior to the collision.

## II

Boggs contends that the district court erred in removing her case under 28 U.S.C. § 1441(c). Section 1441(c) permits removal of an entire case where the removable claim is separate and independent from the otherwise non-removable claims. Boggs argues that her negligence claim against Lewis and her bad faith claim against Safeco are not "separate" because they allege a single wrong—the failure to provide compensation for the injuries she suffered. Further, she argues that these claims are not independent because a bad faith claim can only succeed if liability for the underlying tort is first established.

This court reviews a district court's determination of subject matter jurisdiction de novo. *Carpenters Southern California Administration Corp. v. Majestic Housing*, 743 F.2d 1341, 1343 (9th Cir.1984). This court strictly construes the removal statute against removal jurisdiction. *Takeda v. Northwestern National Life Insurance Co.*, 765 F.2d 815, 818 (9th Cir.1985). In assessing whether a plaintiff's claims were properly removable under § 1441(c), we look to the plaintiff's

pleadings. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1950).

The leading case interpreting § 1441(c) remains *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In *Finn,* the Court held that the plaintiff's claims against two insurance companies and an insurance agent were not "separate" because these claims alleged "a single wrong." The Court reached this conclusion in part because "[t]he allegations [in the complaint against the first defendant] involve substantially the same facts and transactions as do the allegations [in the complaint against the other defendants]." *Id.* at 16, 71 S.Ct. at 541. By contrast, Boggs' claims against Lewis and Safeco involve substantially different facts and transactions. Unlike the negligence claim against Lewis, the claim against Safeco "primarily involves the insurer's conduct and other events occurring after the automobile accident." *Bailey v. Scholler,* 630 F.Supp. 337, 339 (D.Mont.1986) (holding that a plaintiff's negligence claim against a driver and her bad faith claim against the driver's insurer under M.C.A. § 33–18–201(6) are separate and independent for purposes of 28 U.S.C. § 1441(c)).

In *Finn,* the Supreme Court also based its finding of "a single wrong" on the fact that the plaintiff sought the same relief from each of the defendants, "compensation for the loss on the property." *Finn,* 341 U.S. at 14, 71 S.Ct. at 540. Unlike the plaintiff in *Finn,* Boggs seeks markedly different relief in each of her claims. In her negligence claim against Lewis, Boggs seeks compensatory damages for the medical expenses and loss of wages and earning capacity that allegedly resulted from injuries she suffered during the collision. In her bad faith claim against Safeco, Boggs seeks compensatory damages for the emotional distress inflicted on her by reason of Safeco's refusal to act in good faith and punitive damages for this refusal. Because Boggs' claims involve substantially different transactions and different relief, we conclude that these laims are separate for purposes of § 1441(c).[1]

We also conclude that Boggs' claims are "independent" for purposes of § 1441(c). Boggs argues that *Fode v. Farmers Insurance Exchange,* 719 P.2d 414 (Mont.1986), establishes that under Montana law a bad faith insurance claim is dependent on the underlying tort claim. In *Fode,* the Montana Supreme Court held that a bad faith case may not proceed beyond filing "until the liability issues of the underlying cases have been determined either by settlement or judgment." *Id.* at 417. While state law "is relevant in diversity cases in determining the nature of the claims to which the federal [separate and independent] test is applied," 14A Wright & Miller, Federal Practice & Procedure, § 3724, p. 396–97, *Fode* cannot control this case since it was decided well after the removal of Boggs' action. With a limited exception involving indispensable parties, the clear rule is that, if removal was proper at the time of removal, federal jurisdiction is not defeated by later changes in the law or developments in the suit. *Lopez v. General Motors Corp.,* 697 F.2d 1328, 1332 (9th Cir.1983); *Watkins v. Grover,* 508 F.2d 920, 921 (9th Cir.1974).

The controlling case at the time of removal was *Klaudt v. Flink,* 202 Mont. 247, 658 P.2d 1065 (1983). In *Klaudt,* the Montana Supreme Court held that a bad faith claim under M.C.A. § 33–18–201(6) may proceed before, after, or jointly with the underlying negligence claim. In reaching this holding, the court reasoned that the two claims involve different issues and thus a plaintiff's failure to prove one of the claims does not preclude her success with the other:

> We see no problems with contrary findings in the two actions, the doctrine

---

1. We recognize that the Fifth Circuit has reached the opposite conclusion in a similar case. *See Moore v. United States Auto Association,* 819 F.2d 101, 104 (5th Cir.1987) ("Bad faith [by the insurer] in failing to compensate [the plaintiff] is not a separate legal wrong. The bad faith claim merely alleges heightened culpability by [the insurer] in committing the single legal wrong of failing to compensate [the plaintiff].").

of res judicata, collateral estoppel, or the like because different issues are involved in the two cases. The issue in the action against the insurer for violation of the insurance code is simply an action to determine whether or not the insurer violated its duty of fair dealing in settlement negotiations with the claimant, while the action to determine the ultimate liability of the driver rests on considerations of negligence and comparative negligence.

The obligation to negotiate in good faith and to promptly settle claims does not mean that liability has been determined. Section 33–18–201(6) states that the insurer's obligation arises when liability has become "reasonably clear." In evaluating the insurance case, the jury must determine whether the insured negotiated in good faith given the facts that it then had. This consideration is separate and apart from the jury's consideration of the merits of any given action.

*Klaudt,* 658 P.2d at 1068.

At the time Boggs' case was removed, Montana law thus treated a negligence claim against a driver and a bad faith claim against that driver's insurer as independent. *See Bailey,* 630 F.Supp. at 339 (reaching same conclusion). *Compare Moore v. United Services Auto Association,* 819 F.2d 101, 104 (5th Cir.1987) (in holding that tort and bad faith claims are independent under Mississippi law, the court relied on a Mississippi case suggesting that a plaintiff's failure to obtain a directed verdict on policy liability normally bars submission of his bad faith claim to the jury).

### III

■ Boggs next argues that, even if removal was initially proper, the district court should have remanded the negligence claim against Lewis. According to Boggs, the district court abused its discretion by failing to remand the negligence claim because a remand would have served the interests of fundamental fairness and judicial economy. 28 U.S.C. § 1441(c) states that after removal of an action "the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." In its order denying Boggs' motion to remand the negligence claim, the district court cited judicial economy as its reason for choosing not "to split this action between state and federal court."

The district court was acting within its discretion in rejecting Boggs' remand motion. The factors which guide a court's exercise of discretion did not clearly weigh in favor of remand here. These include judicial economy, fairness to litigants, and the clarity of state law applicable to the state claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In recent years, the courts have become particularly sensitive to federalism concerns, and thus more inclined to remand where the state can properly claim primacy of interest. *See Naylor v. Case and McGrath, Inc.,* 585 F.2d 557, 562 (2d Cir.1978) (noting this trend and holding that a district court abused its discretion when it refused to remand a state law claim which involved unsettled question of state statutory construction).

The district court's denial of Boggs' motion to remand was justified since Boggs' two claims were clearly related and "[a]s a matter of justice as well as judicial economy, it is desirable to have the same issues heard and decided by the same adjudicator." *General Refractories Co. v. American Mutual Liability Ins. Co.,* 678 F.Supp. 104, 106 (E.D.Pa.1987). Moreover, by the time Boggs moved to remand the negligence claim in August of 1986, the federal court had already invested considerable resources in deciding that claim. The court had by then exercised jurisdiction over the entire action for over two years. During that period, the federal court had heard several motions and supervised several depositions relating to the negligence claim. Finally, Boggs does not suggest that her negligence claim presented new or difficult questions of state law.

## IV

Boggs also contends that the jury verdict of zero damages was contrary to the evidence and that the district court therefore erred in refusing her motion for a new trial.

"A motion for new trial may be granted on [the ground of insufficiency of the evidence] only if the verdict is against the 'great weight' of the evidence, or it is quite clear that the jury has reached a seriously erroneous result." *Digidyne Corp. v. Data General Corp.*, 734 F.2d 1336, 1347 (9th Cir.1984). In this case, the jury reasonably could have inferred from the evidence that Boggs' injuries were not due to her collision with Lewis. Boggs had experienced severe physical problems prior to the July 7 collision with Lewis, including many of the same symptoms she would later attribute to that collision. Moreover, the doctors who treated her after the collision seemed to have been unable to pinpoint the physiological cause of Boggs' ailments. Finally, an expert testified that the collision could have caused Boggs only an "every day" level of physical stress.

## V

Boggs' final argument is that the district court's verdict form misled the jury into believing that they were required to award all the damages claimed by her or none at all. This court reviews the jury instructions and the verdict form together to determine whether the jury was misled. *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1418 (9th Cir.1986). Here, neither the jury instructions nor the verdict form in any way suggested that the jury could award only full or zero damages. Indeed, the jury instructions clearly asked the jury to evaluate Boggs' case by examining each of the distinct injuries she claimed were the result of the July 7 collision. Further, Boggs did not object to the instructions at trial and thus waived any objection to them on appeal. Fed.R.Civ.P. 51.

**AFFIRMED**

BOOCHEVER, Circuit Judge, dissenting:

There is no issue here as to the nature of the underlying claims; a garden variety automobile negligence claim coupled with a claim against the insurance company for bad faith in refusing to settle. The troublesome question, whether those claims are separate and independent, is one of federal law. Thus in *Charles Dowd Box Company, Inc. v. Fireman's Fund Insurance Company*, 303 F.2d 57, 60 (1962), the First Circuit stated:

In answering this question we do not pause to consider the subsidiary question whether the plaintiffs' claims against the insurance companies would be considered separate and independent under Massachusetts law, for the Court in Finn, without reference to the law of Texas, decided that point solely as a matter of interpretation of the federal statute.

*See also, Gardner and Florence Call Cowles Foundation v. Empire Inc.*, 754 F.2d 478, 481, 482 n. 4 (2d Cir.1985); *Moore v. United Services Auto. Assn.*, 819 F.2d 101, 104 (5th Cir.1987).

The majority states that the case of *Klaudt v. Flink*, 202 Mont. 247, 658 P.2d 1065 (1983) is controlling. While that case may be of some relevance in describing the claims, Montana law does not apply to our decision whether the claims are separate and independent.

I agree, that the seminal case is *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). *Finn* emphasizes:

One purpose of Congress in adopting the "separate and independent claim or cause of action" test for removability by § 1441(c) of the 1948 revision in lieu of the provision for removal of 28 U.S.C. (1946 ed.) § 71, was by simplification to avoid the difficulties experienced in determining the meaning of that provision. Another and important purpose was to limit removal from state courts.

*Id.* at 9 & 10, 71 S.Ct. at 537 & 538.

*Finn* concludes that:

[w]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and indepen-

dent claim or cause of action under § 1441(c).

*Id.* at 14, 71 S.Ct. at 540. Here there is an interlocked series of transactions, the alleged bad faith failure to settle the claims arising out of the automobile collision.

It is true that the test for an independent claim includes consideration of whether the claim is contingent on other claims in the suit. Here, both claims arise out of the auto collision. Were it not for that accident neither claim would exist. If, as occurred, Lewis successfully defended the negligent suit, it would practically be impossible for Boggs to prevail in a bad faith claim against the insurance company for failing to settle that suit. On the other hand, if Lewis prevailed in the negligence action, I agree that there would be no bar to proceeding against the insurance company. The partial contingent nature of the claims, however, indicates that they are not independent claims. Under similar facts the Fifth Circuit reached this conclusion in *Moore.*

The question is a close one. It is for that reason that I think we should look to the policies behind the requirements for separate and independent claims and for avoiding conflicts between the circuits. Unless the claims are clearly separate and independent, I believe that Congress' intent to limit removal from state courts should control our decision. We should also attempt to avoid an inter-circuit conflict with the Fifth Circuit decision in *Moore v. United Services Auto. Assn.,* 819 F.2d 101 (1987). I, therefore, would hold that the claims are not separate and independent.