**SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Warren L. McALLISTER; and Kimberly McAllister, individually and as guardian of Joseph McAllister, a minor, Defendants.**

**No. CV 87–85–M–CCL.**

United States District Court, D. Montana, Missoula Division.

Feb. 6, 1990.

Lon T. Holden, Great Falls, Mont., Shelton Williams, Missoula, Mont., for plaintiff.

George B. Best, Jr., Kalispell, Mont., Dennis P. Conner, Great Falls, Mont., for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

This declaratory judgment action was filed by Plaintiff Safeco Insurance Company (Safeco) against Defendants Warren McAllister and Kimberly McAllister, individually and as guardian for Joseph McAllister. Safeco seeks a ruling from this court concerning its rights and duties as to coverage of a claim made by Warren McAllister under a homeowner's policy issued by Safeco to Warren McAllister. Safeco seeks the court's ruling that there is no coverage under the homeowner's policy because the accident in this case did not occur on an "insured location" as defined by the policy. Safeco asks that the court adjudge the rights and legal relationships of the parties to this action under the insurance policy. Defendants filed counterclaims seeking damages for Safeco's failure to settle their claims in good faith.

Before the court is Plaintiff's motion for summary judgment as to all counterclaims filed by Defendants against Safeco. In the alternative Safeco moves for summary judgment in its favor on the counterclaims for punitive damages. Plaintiff briefed the motion and Defendants filed response briefs. In response to Plaintiff's motion, Defendant requested that the court defer ruling on the motions until the close of discovery in this matter. Pursuant to this court's order of June 20, 1988, discovery closed on October 1, 1988. However, by order of United States Magistrate Robert Holter, the parties were given until November 1, 1988, to file answers to certain contested interrogatories. Since the close of discovery Defendants have not filed a brief supplementing their response to the motion for summary judgment although volumes of answers to interrogatories and depositions have been filed with the court.

The accident at issue occurred on December 5, 1986, and involved injuries sustained when Joseph McAllister lost control of a snowmobile he was driving, went into a creek bed and crashed into the embankment on the opposite side of the creek. The snowmobile belonged to Joseph's uncle, Warren McAllister. The accident occurred on property adjacent to Mr. McAllister's home which was used occasionally by him and his family for snowmobiling.

Mr. McAllister informed Safeco of the claim on December 8, 1986. An initial investigation of the accident was begun on December 8, 1986, and Safeco informed Warren McAllister of a possible coverage issue on December 9, 1986. The investigation continued and on March 30, 1987, by letter to Warren McAllister, Safeco denied coverage because the accident did not occur

on the "insured location" as defined by the homeowner's policy.

Safeco filed this declaratory judgment action on May 14, 1987, and Defendant Kimberly McAllister, individually and as guardian of Joseph McAllister, answered and filed counterclaims on July 13, 1987, and Defendant Warren McAllister answered and filed counterclaims on July 21, 1987. On July 15, 1987, Kimberly McAllister filed suit against Warren McAllister in state court. On September 10, 1987, a structured settlement with a present value of $100,000 was accepted by Safeco to settle all of the claims of Kimberly McAllister against Warren McAllister. The counterclaims of Defendants against Safeco were not released by this settlement. In a diversity case, a federal district court must follow the substantive law of the state in which it sits. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *St. Paul Fire and Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir.1979). The substantive rights and obligations of the parties are governed by Montana law. The procedural issues are governed by the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

■ Summary judgment is properly granted under Rule 56(c) if "the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *California Architectural Building Products, Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). The initial burden is upon the party seeking summary judgment, to inform the court of the basis for its motion and identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once this is accomplished, the burden shifts to the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *Id.*

In opposing summary judgment, the nonmoving party may not simply rely upon the allegations of the pleadings. Instead, it must set forth specific facts showing that there is a genuine issue for trial. Fed. R.Civ.P. 56(e). In ruling on a motion for summary judgment, the court must view the evidence and draw all inferences in a light most favorable to the nonmoving party. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc.*, 809 F.2d 626, 620–31 (9th Cir.1987) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Defendants argue that Safeco violated the Montana Unfair Claims Settlement Practices Act, Mont.Code Ann. § 33–18–210, by compelling the claimants to institute litigation to recover amounts owing under the policy, by acting oppressively or maliciously toward the claimants, by failing to provide a reasonable explanation of the basis for denial of the claim, by making deceptive or misleading statements with respect to the business of insurance, and by refusing to pay claims without conducting a reasonable investigation. Additionally, Defendants argue that Safeco breached the covenant of good faith and fair dealing attendant to insurance contracts when it did not settle the claim promptly and forced the claimant to initiate legal proceedings.

■ Pursuant to Mont.Code Ann., Section 33–18–201, the initial requirement of showing the lack of good faith in trade practices to be general business practices of that particular company, must first be met before an action may be successfully maintained. *Klaudt v. Flink*, 202 Mont. 247, 658 P.2d 1065, 1068 (1983). It is possible that multiple violations occurring in the same claim could be sufficient to show a frequent business practice, as would violations by the same company in different cases. *Id.* (citations omitted). Defendants did not plead any particular facts which would show violations of Mont.Code Ann. § 33–18–201 as a general business practice of Safeco, nor did they set forth any facts in their brief opposing summary judgment on their claims. The court has also reviewed the discovery filed in this matter

and finds no evidence which, if taken in the light most favorable to Defendants, would show that Safeco had a general business practice of failing to comply with the duties as outlined in section 33–18–201. Defendants have failed to state a claim under Mont.Code Ann. § 33–18–201.

Defendants allege that Safeco breached the covenant of good faith and fair dealing by not settling this case promptly and that Safeco acted maliciously and oppressively by forcing the claimant to file a lawsuit in order to get coverage. There can be no liability for bad faith if the insurance company had reasonable grounds to debate the coverage in a court of law. *Tynes v. Bankers Life Co.*, 224 Mont. 350, 730 P.2d 1115, 1124 (1986); *Silva v. Fire Ins. Exchange*, 647 F.Supp. 1397, 1399 (D.Mont.1986) (citing *Britton v. Farmers Insurance Group*, 221 Mont. 67, 721 P.2d 303 (1986)).

Defendants argue that Safeco did not have reasonable grounds to debate coverage in this matter and was dilatory in settling. The claim was reported on December 9, 1986, and Safeco informed the insured that there was a possible problem with coverage on December 9, 1986. Safeco did not officially deny coverage until March 30, 1987, after conducting further investigation of the location of the accident and securing a legal opinion from Montana counsel on the "insured location" exclusion. Safeco filed this action for the purpose of obtaining a determination of its duties under the insurance policy. Defendants argue that the accident did occur on an "insured location" but do not set forth any facts to show that this issue was not a reasonably debatable issue. A review of the claims file maintained by Safeco indicates that this matter was of concern to the company from the beginning of its investigation. The memos between Susan Smith and Kathy Smith reflect the concern as to the application of the exclusion and for the need to obtain more facts about the accident and where it actually occurred.

On September 10, 1987, Safeco settled with the claimant for the policy limits due to the insured's detrimental reliance on the representations of the insurance agent, Tony Martin. Safeco continues to maintain that the accident did not occur on the "insured location" as that term is defined in the policy. Defendants argue that there was no reason why Safeco should have waited so long to pay the claim on grounds of "detrimental reliance." However, Defendant has raised no facts which would prove that Safeco was aware that the independent insurance agent, Tony Martin, had represented to the insured at the time he purchased the policy that the homeowner's policy would cover the snowmobile if used on the land adjacent to the insured's premises.

The deposition of Warren McAllister taken on August 17, 1987, is the first notice that Safeco had of the possibility that Tony Martin had represented to Warren McAllister that the snowmobile would be covered under the policy. A statement of Tony Martin was then taken on August 25, 1987, at which time Mr. Martin said that he did not generally disagree with the statements made by Warren McAllister in his deposition of August 14, 1987. Upon learning that the insured may have relied to his detriment on the representations of the insurance agent, Safeco agreed to settle the claim of Kimberly McAllister against Warren McAllister for the policy limits.

Defendant has raised no facts which if viewed in the light most favorable to Defendants would show that Safeco breached the covenant of good faith and fair dealing by not settling the insured's claim more quickly.

It would not be appropriate to construe the insurance contract, declaring the underlying respective rights and obligations of the parties. The underlying controversy which gave rise to this declaratory judgment action was rendered moot when Safeco agreed to settle the claim of Kimberly McAllister against Warren McAllister for the policy limits. When the issues presented are no longer "live" or the parties lack a cognizable interest in the outcome, the case is moot. *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950–51, 23 L.Ed.2d 491 (1969). Accordingly,

IT IS HEREBY ORDERED that Safeco's motions for summary judgment as to Defendants' counterclaims is GRANTED.

IT IS FURTHER ORDERED that this declaratory judgment action is DISMISSED as moot.