46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marie R. FULOP, Plaintiff-Appellant,
v.
Priscilla A. HAMILTON, U.S.A.A. Casualty Insurance, Halls
Emergency, Inc., Defendants-Appellees.
 No. 94-35185.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 9, 1995.*
Decided: Feb. 3, 1995.
 
 1
 Before: ALARCON and BRUNETTI, Circuit Judges, and KELLEHER**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 In a diversity action, a jury awarded Marie Fulop $12,000 from Priscilla Hamilton for negligence in crashing a car in which Fulop was a passenger, but found against Fulop on her cause of action against Halls Emergency, Inc. (Halls) for negligent emergency medical care. Fulop moved for a new trial. Her motion was denied by the district court.
 
 
 4
 Thereafter, the district court granted summary judgment in favor of USAA Casualty Insurance Company (USAA) on Fulop's cause of action for bad faith attempts to settle her claims. Fulop appeals from both the judgment against Hamilton and the grant of summary judgment. We have jurisdiction according to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 5
 For the sake of clarity and brevity, we refer to each issue on appeal by the number given it in Fulop's opening brief.
 
 I. THE JURY VERDICT AGAINST HAMILTON
 A. THE DAMAGE AWARD
 
 6
 Issue 15: Fulop moved for new trial on the theory that the jury's damage award was inadequate. We review the denial of Fulop's motion for new trial for abuse of discretion. See Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 278 (1989). The relevant inquiry is whether the damage award was grossly inadequate and clearly unsupported by the factual record. See Los Angeles Memorial Coliseum Comm'n v. NFL, 791 F.2d 1356, 1360 (9th Cir. 1986).
 
 
 7
 We conclude that the district court did not abuse its discretion, because the jury award was adequate and supported by the trial record. Dr. Hildner testified that Fulop suffered no serious injuries. Fulop was diagnosed by Dr. See as having only a mild back and neck sprain, for which he prescribed aspirin. Dr. See estimated that Fulop should recover completely from the accident-related injuries within three years. Moreover, Fulop's injuries did not stop her from graduating from college or securing employment with an architecture firm. We affirm the district court's denial of Fulop's motion for a new trial.
 
 B. EVIDENTIARY ISSUES
 
 8
 Fulop appeals from the district court's rulings on several evidentiary issues. We review those rulings to which Fulop objected or offered proof in a timely manner for abuse of discretion and reverse only if the ruling was both erroneous and prejudicial to the outcome of the trial. See Roberts v. College of the Desert, 870 F.2d 1411, 1418 (9th Cir. 1988). We review for plain error those rulings to which Fulop failed to object or offer proof in a timely manner. See Fed. R. Evid. 103(d); United States v. Kupau, 781 F.2d 740, 745 (9th Cir. 1986).
 
 
 9
 Issues 1, 5: Fulop objected at trial to the district court's decision to allow Hamilton to cross-examine her regarding a separate lawsuit Fulop filed in 1989. Such cross-examination revealed that Fulop had sued Hamilton and four other individuals for conspiring to put her back in the crashed car and then explode the car, and that Fulop had also sued the United States, Montana, the Post Office, and other entities.
 
 
 10
 We conclude that the district court did not err by allowing Hamilton to cross-examine Fulop about the lawsuit. The lawsuit obviously is relevant to Fulop's credibility. See Fed. R. Evid. 611(b). The suit is also within the scope of Fulop's testimony on direct examination. See id. Fulop alleged at trial that Hamilton wilfully caused the accident and maliciously allowed her to be pulled through a window of the crashed car; the lawsuit shows that Fulop characterized Hamilton as having done the opposite, forcing her back into the car.
 
 
 11
 Issue 2: Fulop appeals from the district court's refusal to admit her redirect testimony explaining why she filed the 1989 lawsuit. We conclude that there was no error. The district allowed her to testify at length after Hamilton's objection as to why she filed the lawsuit, before it finally concluded that Fulop's testimony was not explanatory and was irrelevant.
 
 
 12
 Issue 7: Fulop appeals from the denial of eight different post-trial motions, all predicated on the theory that the district court erred in its rulings regarding the 1989 lawsuit. Because we find no error in the district court's evidentiary rulings, we affirm the district court's judgment as to each of the post-trial motions on this basis.
 
 
 13
 Issues 8, 9: When Hamilton testified on direct examination, her attorney asked her about her education, work experience, and volunteer work helping victims of Hurricane Andrew, a hurricane that struck Florida in 1989. Her attorney then took her off the stand. Fulop objected for lack of relevance. Even if we were to assume that Hamilton's attorney's questions or her testimony were irrelevant, the record shows that Hamilton's testimony did not prejudice the outcome of the trial. Hamilton admitted fault, and the evidence discussed in section I.A also shows that it is unlikely that any error here prejudiced Fulop's damage award.
 
 
 14
 After Hamilton's direct testimony for her case in chief, Fulop moved to recall Hamilton to testify again on direct examination for her case in chief. We review the district court's control over the manner of questioning Hamilton for abuse of discretion. See United States v. Taylor, 716 F.2d 701, 710 (9th Cir. 1983). The district court had the authority to control reasonably the mode and order of presentation of trial evidence. See Fed. R. Evid. 611(a). Because we conclude that the district court could reasonably have decided that Fulop had already had a fair opportunity to examine Hamilton for her own case in chief, we affirm the district court's denial of Fulop's motion to recall Hamilton.
 
 
 15
 Issue 10: The district court sustained an objection by Hamilton against Fulop's questions during cross-examination of Hamilton's witness Laval Means Malish. Malish was a mutual friend of Hamilton and Fulop. Fulop had attempted to make Malish admit that she had taken Hamilton's side when Hamilton and Fulop's friendship deteriorated on account of the car accident. Because Fulop did not offer proof why her question should be allowed, we review it for plain error. Because the question on its face seems irrelevant and argumentative, we conclude there was no plain error.
 
 
 16
 Issue 14: In this section of her brief, Fulop presents fourteen ways in which she was allegedly prejudiced at trial. Some of these alleged sources of prejudice are merely repetitive. Accordingly, they will not be readdressed here. We see no error in the district court's disposition of the remaining issues.
 
 C. FULOP'S MOTION FOR LEAVE TO AMEND
 
 17
 Issue 6: Fulop appeals from the denial of her post-trial motion for leave to amend her complaint to add Imre Fulop, her father, as a plaintiff, to add Leonard Heintz as a defendant, and to state new allegations against USAA. We review the denial for abuse of discretion. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). We affirm the district court's denial. The district court did not abuse its discretion by refusing to change the lawsuit after a jury trial had already decided the causes of action against two of the three defendants. Cf. id. at 798-99.
 
 
 18
 D. FULOP'S MOTION TO DISQUALIFY JUDGE HATFIELD
 
 
 19
 Issues 3, 4: Judge Hatfield, the presiding judge, denied Fulop's post-trial motion to disqualify him. She alleged that his evidentiary rulings regarding the 1989 lawsuit were biased because he was a party to that suit. We review the denial of this motion for abuse of discretion. See United States v Studley, 783 F.2d 934, 939 (9th Cir. 1986). Judge Hatfield did not abuse his discretion by denying a disqualification motion that was filed after the jury rendered its verdict and the only basis for which was that he is a defendant in Fulop's 1989 lawsuit. See id. at 939-40. We affirm the denial of the disqualification motion.
 
 
 20
 E. FINAL JUDGMENT WHILE THE USAA CLAIMS WERE STILL PENDING
 
 
 21
 Issue 11: Fulop appeals from the order denying her motion for final judgment against Hamilton and Halls while USAA's motion for summary judgment was still pending. We construe her motion to be a motion for certification according to Federal Rule of Procedure 54(b). We review the district court's denial for abuse of discretion--whether the court's assessment of the equities for and against certification was clearly unreasonable. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 10 (1980). The subject matter of the pending claim overlapped with the subject matter of the claims tried by jury. It was not clearly unreasonable for the district court to have concluded, in the language of Rule 54(b)'s standard, that there was a just reason to delay final judgment on Fulop's claims against Halls and Hamilton.
 
 II. THE GRANT OF SUMMARY JUDGMENT TO USAA
 
 22
 Issues 12, 13: Finally, Fulop appeals from the grant of USAA's motion for summary judgment. We review the grant of summary judgment de novo. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Viewing the evidence in the light most favorable to Fulop, we must determine whether there are any genuine issues of material fact. Specifically, we must determine whether there are genuine issues of material fact regarding USAA's attempts to settle fairly claims for which its liability is reasonably clear, so often as to indicate USAA has a general business practice of such conduct. See id. (summary judgment standard); Mont. Code Ann. Sec. 33-18-201(6) (applicable substantive law).
 
 
 23
 In her affidavit supporting her opposition to summary judgment, Fulop attested to two sets of facts that are relevant and deserve consideration. Fulop alleges that USAA acted in bad faith by refusing to pay her medical expenses after 1987. However, USAA's motion for summary judgment was accompanied by uncontroverted evidence that: (1) it paid for all of Fulop's documented medical expenses for three years, until 1987; (2) in 1987, USAA retained Dr. See to conduct an independent medical examination of Fulop; and (3) Dr. See's examination indicated that Fulop was no longer suffering from injuries related to the car accident. We agree with the district court and USAA that Fulop's allegation does not raise a genuine issue of material fact about USAA's bad faith.
 
 
 24
 Second, Fulop alleges that, just a few weeks after the car crash, a USAA agent offered her one hundred dollars to settle all her claims against USAA. Viewing the facts most favorably to Fulop, we note that at the time of this offer, it was apparent that Hamilton had crashed the car in a single car accident and that Fulop had sustained soft tissue injuries and mild amnesia. It is also undisputed, however, that USAA later paid Fulop $2,000 in advance for lost wages and covered all of her medical expenses, totalling $4,000, related to the accident until an independent medical examination showed that she no longer suffered from accident-related injuries. It is also undisputed that USAA offered her $10,000 in new money on several occasions and $20,000 in new money on one occasion. Even assuming the truth of Fulop's allegation about the $100 early settlement offer, Fulop has failed to show that USAA had a general business practice of making unfair settlement offers in bad faith. See Klaudt v. Flink, 658 P.2d 1065, 1068 (Mont. 1983). Therefore, we affirm the district court's order granting summary judgment to USAA.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Hon. Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3