**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Marcelino CORRALES–QUINTERO,**
**Defendant—Appellant.**

No. 05–55132.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Decided March 14, 2006.

William J. Genego, Jr., Esq., Nasatir Hirsch Podberesky & Genego, Santa Monica, CA, for Defendant–Appellant.

U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Before: B. FLETCHER, FERGUSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Marcelino Corrales–Quintero, a federal prisoner, appeals the District Court's denial of his 28 U.S.C. § 2255 petition challenging his conviction by jury trial for conspiracy to distribute cocaine. Count one of Corrales's indictment charged him with a single conspiracy to distribute cocaine and marijuana. Corrales contends that the jury's not guilty verdict as to the marijuana part of the conspiracy requires his acquittal on the overall conspiracy. Furthermore, Corrales contends that the special verdict form used by the jury constructively amended count one of his indictment, requiring that his conviction on count one be vacated. Lastly, Corrales claims ineffective assistance of counsel. Both of Corrales's first two claims lack merit. As a result, his ineffective assistance claim also fails.

We affirm the District Court's denial of Corrales's § 2255 petition.

## I.

First, Corrales contends that the not guilty verdict as to the marijuana objective on the special verdict form constitutes an implied acquittal as to the overall conspiracy. In *United States v. O'Looney*, 544 F.2d 385, 391–92 (9th Cir.1976), we held that special verdict forms are allowed when there is one conspiracy with two objectives. The special verdict form used in this case divided count one into two parts, stating:

> As to Count 1, we find the defendant MARCELINO QUINTERO–CORRALES:
>
> A. _____ of knowingly and intentionally conspiring to distribute cocaine as charged in Count 1;
>
> B. _____ of knowingly and intentionally conspiring to distribute marijuana as charged in Count 1.

The jury responded "guilty" to part A and "not guilty" to part B. While this form appears to charge two conspiracies because it uses the word "conspiring" twice, the jury instructions given at trial made it clear that the jury could not find Corrales guilty of any conspiracy if they did not find there was an overall agreement.[1] Read in conjunction with these instructions, the special verdict did not present two separate conspiracies, but rather, two objectives; acquittal of one objective does not affect conviction on the other objective. *Cf. United States v. Sanchez–Lopez*, 879 F.2d 541 (9th Cir.1989) (citing *United*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The jury was instructed to "find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit." The jury was also told to agree "as to which object the defendant knew of and intended to help accomplish"; that the government must prove beyond a reasonable doubt that Corrales conspired "in the overall scheme" and "to carry out at least one of the objects of the conspiracy ..."; and "if you find that the conspiracy charged did not exist, then you must return a not guilty verdict on count one, even though you may find that some other conspiracy existed."

*States v. Dennis,* 786 F.2d 1029, 1038–41 (11th Cir.) (upholding special verdict forms, in which a jury may find a defendant guilty of one objective but not another), *reh'g granted in part,* 804 F.2d 1208 (11th Cir.1986)). Consequently, we reject Corrales's first claim.

## II.

■ Second, Corrales asserts that the special verdict form changed the conspiracy charge from a single conspiracy with two objectives into two separate and distinct conspiracies with single objectives. He contends that the form achieved this by asking the jury twice whether he was not guilty or guilty of the conspiracy charged in count one. This change, Corrales argues, constitutes an impermissible constructive amendment of count one of the indictment. A constructive amendment occurs when the charge the jury considers is so altered as to charge a different offense from that found in the indictment. *United States v. Antonakeas,* 255 F.3d 714, 721 (9th Cir.2001) (citing *United States v. Miller,* 471 U.S. 130, 144–45, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985)). In determining whether the special verdict form constituted a constructive amendment of the indictment, we look to both the special verdict form and the accompanying jury instructions to determine if the jurors were instructed to convict Corrales of the same overall conspiracy that was charged in the original indictment. *Cf. Boggs v. Lewis,* 863 F.2d 662, 666 (9th Cir.1988) (holding that a court "reviews the jury instructions and the verdict form together to determine whether the jury was misled").

As we stated in the discussion of the first issue, the jury instructions adequately advised the jury of its duty to reach a unanimous verdict on the one, overall conspiracy charged in the indictment. While the special verdict form itself uses the word "conspiring" twice, when read in the context of the jury instructions, it is clear the special verdict form was designed not to divide the one overall conspiracy into two separate conspiracies, but rather to allow the jury to find that, although the overall conspiracy involved the distribution of both marijuana and cocaine, the defendant participated in one, both, or neither of those two objectives. Therefore, we also reject Corrales's second contention.

## III.

Lastly, Corrales claims his counsel was ineffective for failing to object to the format of the special verdict form and failing to seek an acquittal based on the jury's not guilty verdict as to the marijuana objective. Since petitioner never raised these arguments on direct appeal, to succeed on his habeas appeal, Corrales must prevail on his claim that his attorney was ineffective for failing to raise these objections. *See Bousley v. United States,* 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Our preceding discussion demonstrates that neither the objection to the special verdict form nor the acquittal claim have merit; therefore, Corrales's counsel was not ineffective for failing to raise these claims. *See, e.g., United States v. Oplinger,* 150 F.3d 1061, 1071–72 (9th Cir.1998) (holding counsel was not ineffective for failing to press claims and make objections that lacked merit). Accordingly, we reject Corrales's final argument.

**AFFIRMED.**